The Honorable Roger Smith State Representative 13 South Pego Way Hot Springs, AR 71909-2828
Dear Representative Smith:
I am writing in response to your request for my opinion on the following question:
 Can a volunteer fire department, rural or municipal, collect fees for responding to a structure fire on the property of a non-member? Opinion 2001-257 makes this clear on all fires other than those involving structures.
RESPONSE
Subject to certain conditions set forth in A.C.A. § 20-22-901 et seq.
(Repl. 2000) and discussed below, I believe the answer to your question is "yes."
I must note at the outset that I take issue with your characterization of the attached Ark. Op. Att'y Gen. No. 2001-257. Each of the four questions discussed in my previous opinion involved fires occurring only onforestlands owned by nonmembers — a category that, although undefined in the Code, is presumably narrower than the general category of nonmember-owned "rural or municipal" property referenced in your request. Moreover, in response to the second question posed in Opinion2001-257, I specifically addressed the issue of structures located on forestland owned by a nonmember, opining that a volunteer fire department would be barred from extinguishing a fire in such a structure — and, by implication, from collecting fees for doing so — if no burn ban were in effect and the fire posed no immediate threat to life or to real or personal property owned by a third party.[1]
Section 20-22-901 of the Arkansas Code (Repl. 2000) provides in pertinent part:
 (a)(1) Upon receipt of a report of an uncontrolled fire or a 911 or other emergency call reporting a fire, it shall be the duty of volunteer fire departments operating within the State of Arkansas to respond to, attempt to control, and put out all fires occurring within their respective districts involving any real or personal property, whether that property is owned by members or by nonmembers of the fire district.
 (2) However, unless a fire is in violation of a county-wide fire ban or as may be otherwise provided in an agreement between a nonmember owner of forested lands, cut-over lands, brush lands, or grasslands and a volunteer fire department, the volunteer fire department shall have no duty or authority to respond to or attempt to control and put out any fire which occurs on forest lands owned by a nonmember and which does not pose an immediate threat to life or to the real or personal property of a person or entity other than the owner of the land on which the fire occurs.[2]
In my previous opinion, I interpreted this statutory excerpt as follows:
 Subsection (a)(1) of this statute imposes upon a volunteer fire department a general duty to fight any uncontrolled fire on real estate within its district regardless of whether the owner of the realty is a district member. However, absent an express prior agreement to the contrary, subsection (a)(2) not only relieves the department of this duty but expressly forbids the department to fight the fire under the following circumstances: (1) if the fire "occurs on forest lands owned by a nonmember"; (2) if the fire does not immediately threaten either life or property of a person or entity other than the property owner; and (3) if no county-wide burn ban is in effect. Assuming, then, that the department had not expressly agreed to fight fires on the nonmember's property, it would be forbidden to fight the fire under the circumstances you recite unless an immediate risk to life or the property of another existed.
(Footnote omitted.) Extrapolating from the above, absent an express agreement to the contrary, I believe a voluntary fire department is statutorily precluded from fighting any fire on the forestland property of a nonmember, including a structure fire, unless life or the property of another is at risk or a county-wide burn ban applies.
In partial response to your question, then, I believe a volunteer fire department would be precluded from recovering fees incurred in fighting a structural fire located on forestland unless at least one of the above described conditions were met. However, with respect to residential structures, I believe a firefighter may reasonably assume, absent express knowledge to the contrary, that a burning house is occupied, thus posing an immediate threat to life. In any event, if the conditions are such that the department is justified in proceeding under the above described statute, I believe the department can recover the reasonable cost of its services under A.C.A. § 20-22-901(b)(1), which provides:
 In the event that the property is owned by a nonmember of the fire district, then the volunteer fire department shall be entitled to recover from the nonmember property owner the reasonable value of its services not to exceed the fair market value of the services rendered.
By contrast, A.C.A. § 20-22-901(a)(1) makes clear that a volunteer fire department is absolutely obligated to fight any reported non-forestland fire in its district that involves "any real or personal property, whether that property is owned by members or by nonmembers of the fire district." In my opinion, this statute would apply to any structural fire on a nonmember's property, regardless of whether the property was "rural or municipal," subject only to the qualified exception for forestland fires discussed above. Moreover, I believe a voluntary fire department that honored its obligation to fight any such structural fire on a nonmember's property would be entitled to recover the reasonable value of its services pursuant to A.C.A. § 20-22-901(b)(1). Section 20-22-902 of the Code charges the company insuring the nonmember's structure with the obligation to defray the reasonable cost of such fire services. In the event the property at issue is uninsured, A.C.A. §§ 20-22-904 and -905 create a lien on the real property to be enforced by an action in the circuit court of the county in which the property lies.
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:JD/cyh
Enclosure
[1] Implicit in both the question and my response was an assumption that the location of a structure on property would not preclude classifying it as "forestland." Although nothing in the Code or applicable Forest Commission regulations directly supports this assumption, I believe it is consistent both with the ordinary-language sense of the term and with the Forest Commission's definition of a "forest fire" as "[a]ny wildfire burning on commercial and/or non-commercial forest land, with commercial forest land more properly defined as forest land producing or capable of producing crops of industrial wood and not withdrawn from timber utilization." ArkansasForestry Commission Rules and Regulations, § II(H). Nothing in this definition suggests that property automatically loses its character as "forestland" simply because someone erects a structure on it.
[2] Subsection (2) of this statute is somewhat confusing in initially describing the scope of its coverage as "forested lands, cut-over lands, brush lands, or grasslands" and then describing the scope of the restriction on fire-fighting efforts as covering only "forest lands." Given the statutory context, I believe the latter reference is an unfortunate shorthand reference to the earlier-defined broader category.